**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIGHT PETROLEUM, INC., | No. 13-56909 |
| Plaintiff, | D.C. No. 2:12-cv-04689-PA-VBK |
| and | |
| EFRAM DORI, an Individual; et al., | MEMORANDUM[*] |
| Plaintiffs - Appellants, | |
| v. | |
| EXXONMOBIL CORPORATION, a New Jersey corporation, Erroneously Sued As Exxon Mobil Corporation and CIRCLE K STORES INC., a Texas corporation, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted December 11, 2015
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: GOULD and BERZON, Circuit Judges and ZOUHARY,[**] District Judge.

  1.  Plaintiffs are franchisees of ExxonMobil ("Exxon") who operate retail service stations leased from Exxon. When a franchisor such as Exxon seeks to sell a service station in which it owns a fee interest, California Business & Professions Code § 20999.25(a) requires the franchisor to make a bona fide offer to sell to the franchisee before selling to another party. Plaintiffs, to whom Exxon made offers of sale, brought this diversity suit, contending that Exxon's offers were not bona fide within the meaning of Section 20999.25(a). The district court granted summary judgment to Defendants, concluding that Exxon's offers were objectively reasonable and therefore bona fide. We affirm.

  2. Exxon's offers of sale contained covenants and deed restrictions that, among other things, limited the properties' commercial uses and required Plaintiffs to enter into a fifteen-year supply agreement with convenience store chain Circle K. Plaintiffs contend that Exxon's offers did not convey its entire "interest" in the service station properties, in violation of Section 20999.25(a). But a California appellate case interpreting Section 20999.25(a) has held that the statute establishes only "minimal standards" to limit governmental intrusion into a franchisor's

---

  [**]   The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

property rights. *Forty-Niner Truck Plaza, Inc. v. Union Oil Co.*, 58 Cal. App. 4th 1261, 1274 (1997). A franchisor's offer must convey its interest in the "marketing premises," meaning premises that are "employed by the franchisee in connection with the sale, consignment, or distribution of fuel." *Id.* at 1282 (quoting Cal. Bus. & Prof. Code § 20999(h)). As such, "a bona fide offer includes the sale of pumps, dispensers, storage tanks, piping and other equipment necessary for the continued operation of a service station." *Id.* This view of the "interest" that a franchisor's offer must convey is consistent with courts' broader reading of the purpose of Section 20999.25(a) as "allow[ing] franchisees a reasonable opportunity to continue operating their facilities if they exercise their right to buy." *Id.*; *see also Ellis v. Mobil Oil*, 969 F.2d 784, 787 (9th Cir. 1992) (stating the purpose of an analogous federal statute, the Petroleum Marketing Practices Act). Exxon's offers convey sufficient interest in the premises to satisfy Section 20999.25(a).

3. Plaintiffs claim that Exxon's offers were not bona fide, as Section 20999.25(a) requires, because some of their terms were objectively unreasonable. For our review of whether Section 20999.25(a) has been satisfied, it is not necessary to conduct a term-by-term analysis to determine whether an offer is reasonable. We hold that the non-price terms in Exxon's offers, taken as a whole, were commercially reasonable, especially considering that thirty-six franchisees

3

have already accepted Exxon's offers of sale. Exxon's offers satisfied Section

20999.25(a), which establishes only "minimal standards," so as to limit

governmental intrusion into a franchisor's property rights. *Forty-Niner*, 58 Cal.

App. 4th at 1274.

AFFIRMED.